[No. 34544.   Department Two.   April 9, 1959.]

THE STATE OF WASHINGTON, *Appellant,* v. ALBIN E. SIEMION, *Respondent.*[1]

[1]Reported in 337 P. (2d) 715.

*Farrell E. Cook* and *Shannon Stafford,* for appellant.

*Frederick B. Cohen* and *John E. Bowen,* for respondent.

WEAVER, C. J.—The state appeals from an order of dismissal entered after appropriate motion was made at the close of the state's evidence.

The sole issue is whether the state introduced sufficient evidence to submit to the jury the question of respondent's guilt of second-degree arson.

By a challenge to the sufficiency of the evidence, respondent admits its truth, and all inferences that reasonably can be drawn from it. He also requires us to interpret the evidence in the light most prejudicial to him and most favorable to the state. *State v. Coy,* 40 Wn. (2d) 112, 114, 241 P. (2d) 205 (1952).

Respondent had owned the dwelling house for about six years; he had paid $3,500 for it. He lived in it for several years and then rented it to tenants. It had been vacant for several weeks prior to the fire.

During this vacancy, respondent and an employee worked on the premises to "get the place back in shape, repair the foundation, check woodwork, check wiring and general repair."

The state introduced in evidence a written statement respondent made to police authorities after the fire. From the statement, it appears that in the late afternoon, prior to the fire and preparatory to having the next-door neighbor help him with the painting, respondent was mixing paint in a five gallon can in the basement when the can was overturned. Respondent wiped up the paint with newspapers. Some of the papers he wadded and threw out the basement door; some he spread around the floor; others he hung up to dry. "I didn't wish them to be left wadded up because of the danger of combustion."

The only paint in the house was the remainder in the five

gallon can in the basement and approximately a quart and a half of varnish on the drain board in the kitchen.

Respondent left the premises at 5:45 p. m., returned at 7:00 p. m., did some more work, and left at 8:15 p. m. He went bowling, returned home around midnight, and retired. The fire broke out at 12:45 a. m. Neighbors telephoned him and he reached the burning premises about 1:00 a. m.

The evidence is sufficient, if believed by the jury, to warrant the conclusion that the fire was of incendiary origin. No useful purpose would be served by setting it forth in detail; however, is the evidence sufficient to raise an issue of whether respondent

". . . wilfully, unlawfully and feloniously did then and there set on fire and burn a dwelling house . . ."?

We think not.

It is fundamental that, in order to sustain a verdict in a criminal case based entirely upon circumstantial evidence, the circumstances proved by the state must not only be consistent with the hypothesis that the accused is guilty, but the circumstances proved must also be inconsistent with any hypothesis or theory that would establish or tend to establish the innocence of the accused. *State v. Berg,* 49 Wn. (2d) 86, 88, 298 P. (2d) 519 (1956), and cases cited; *State v. Sewell,* 49 Wn. (2d) 244, 299 P. (2d) 570 (1956), and cases cited.

The record supports the trial court's accurate appraisal of the situation. In granting the motion, the trial court said:

"There is not a word of evidence nor is there a single circumstance that can put Mr. Siemion [the accused] at that house or in the vicinity of that house from 8:15 [p. m.] until one o'clock in the morning—five hours before it [the fire] started!"

Further, the paint-soaked newspapers were not involved in the fire.

Our conclusion that the judgment of dismissal must be affirmed is governed by the rationale of our decision in

*State v. Pienick,* 46 Wash. 522, 525, 90 Pac. 645, 11 L. R. A. (n. s.) 987 (1907), wherein this court said:

" . . . Proof of the single fact that a building has been burned does not show the *corpus delicti* of arson, but *it must also appear that it was burned by the wilful act of some person criminally responsible,* . . ." (Italics ours.)

■ There is a complete lack of evidence, either direct or circumstantial, that respondent started the fire, *State v. Pfeuller,* 167 Wash. 485, 9 P. (2d) 785 (1932).

The order of dismissal with prejudice is affirmed.

HILL, DONWORTH, ROSELLINI and FOSTER, JJ., concur.