[No. 37623. Department Two. September 9, 1965.]

THE STATE OF WASHINGTON, *Appellant*, v. JACK EUGENE FINROW, *Respondent*.\*

\*Reported in 405 P.2d 600.

*George A. Kain* and *Donald C. Brockett*, for appellant.

*Harvey Erickson* and *Ross Worthington*, for respondent.

WEAVER, J.—Defendant appeals from a justice court conviction of vagrancy.[1] He had been charged with being a "lewd and disorderly person."

The state now appeals from an order of dismissal entered at the close of the state's evidence

for the reason that the plaintiff, State of Washington, did not produce sufficient evidence to sustain the burden of proving that the defendant was a lewd and disorderly person  . . . .

■ By a challenge to the sufficiency of the evidence, defendant (respondent) admits its truth, and all inferences that reasonably can be drawn from it. He also requires us to interpret the evidence in the light most prejudicial to him and most favorable to the state. *State v. Siemion*, 54 Wn.2d 17, 337 P.2d 715 (1959); *State v. Coy*, 40 Wn.2d 112, 241 P.2d 205 (1952).

Shortly after midnight defendant stopped his car at a "share-a-ride" station in Spokane and picked up the complaining witness, a 22-year-old airman, who was seeking a ride to the Deep Creek Air Force Station. Because of the sordid nature of the testimony, we do not set it forth verbatim. It is sufficient to say that the two men entered into a conversation in which defendant twice made indecent comments and suggestions, each time accompanied by an offensive and distasteful touching with his hand of the complaining witness's leg. It does not, as defendant suggests in his appellate brief, take a pervert to understand the import of his remarks and actions.

The complaining witness objected after each occurrence and asked to be let out of the automobile following the second. After reaching his destination, the complaining

---

[1]Defendant was sentenced to 6 months in the county jail with "all but 30 days suspended on condition treatments under Dr. Smick are continued until January 2, 1965, when a revaluation of the case shall be considered by the Court. Will serve sentence after mother released from hospital."

witness notified the police, who apprehended defendant shortly thereafter. The deputy sheriff who arrested defendant testified that defendant related to him substantially the same conversations to which the complaining witness testified, and that he (defendant) said, "Well, I had been drinking, and *I had done this on occasions before* when I had been drinking." (Italics ours.)

■ It cannot be doubted that it is within the police power of the legislature to define who are vagrants and to prescribe punishment for those who shall come within the meaning of such enactments, which are generally regarded as regulatory measures to prevent crime. Their purpose is to subject persons whose habits of life are such as to make them objectionable members of society to police regulations promotive of the safety or good order of the community. *State v. Grenz*, 26 Wn.2d 764, 175 P.2d 633 (1946); 55 Am. Jur. *Vagrancy* §§ 2, 3.

RCW 9.87.010 contains 14 subdivisions covering the subject of vagrancy. Defendant was charged under subdivision 7, which provides:

Every . . . (7) Lewd, disorderly or dissolute person[2] . . .

Is a vagrant, and shall be punished by imprisonment in the county jail for not more than six months, or by a fine of not more than five hundred dollars.

The term "lewd and disorderly" does not have a statutory definition, but, as the court said in *State v. Harlowe*, 174 Wash. 227, 235, 24 P.2d 601 (1933):

They are words, however, of common and general use and are easily understood by men and women of average intelligence.

In its oral opinion, the trial court found that defendant's suggestive remarks were "certainly indecent." Black's Law Dictionary (4th ed.) defines the terms as follows:

*Indecent.* Offensive to common propriety; offending against modesty or delicacy; grossly vulgar; obscene;

---

[2]The justice court complaint for vagrancy charges that defendant was a "lewd and disorderly person." The word "dissolute" was stricken from the printed complaint.

*lewd*, unseemly; unbecoming; indecorous; unfit to be seen or heard.

*Disorderly.* Contrary to the rules of good order and behavior; violative of the public peace or good order; turbulent, riotous or *indecent.* (Italics ours.)

See *Seattle v. Franklin*, 191 Wash. 297, 70 P.2d 1049 (1937), in which "disorderly conduct" is fully discussed and defined.

■■■ Basically, the question on appeal is: did the state's evidence establish a prima facie case? It is, of course, a question of law for the court to determine whether the evidence, and inferences that reasonably can be drawn from it, is legally sufficient under the statute to present a jury question. After a careful and studied reading of the short statement of facts, we conclude that the evidence of the *two* occasions of indecent comments and suggestions, the two contemporaneous acts of offensive physical touching of the person of the complaining witness by the defendant, coupled with the defendant's admission to the arresting officer that he had "done this on occasions before," is sufficient to present a jury question under RCW 9.87.010(7).

The main thrust of defendant's appellate argument is (a) that a vagrancy conviction cannot be sustained by proof of a *single* act of lewd and disorderly conduct and (b) that vagrancy being a status, there was no proof thereof. Defendant does not urge the unconstitutionality of the statute.

■■■ The facts answer both arguments. There were two occurrences and a purported admission that they represented a course of conduct. Further, a single act of lewdness may be sufficient to constitute a person a vagrant if it is of such a nature as reasonably to justify an inference that no one not of lewd character would do such an act even once.

All of defendant's arguments were made and rejected in *State v. Harlowe, supra,* and *State v. Grenz, supra.*

The judgment of dismissal is reversed and the case remanded.

It is so ordered.

HUNTER, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.