THE STATE OF WASHINGTON, *Respondent*, v. CHARLES
RUDOLPH GARRISON, *Appellant*.*

*J. P. Tonkoff* (of *Tonkoff, Holst & Hanson*) for appellant.

*Lincoln E. Shropshire* and *Donald R. Shaw*, for respondent.

DENNEY, J.†—Charles Rudolph Garrison appeals from a conviction of burglary in the second degree. Appellant was observed by witnesses aiding one Cecil Pinkerton in removing beer from the back door of a tavern and placing it in an automobile at 6 a.m. on September 5, 1965, in Yakima. The police were notified and a police officer followed appellant and his companion as they drove away from the tavern. The car was stopped and, with permission of appellant who

*Reported in 427 P.2d 1012.

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

was driving, a search was made and four cases of beer were found in the back of the car. Soon thereafter an officer discovered that the front door of the tavern had been forced open, some beer stolen and some damage done to a music machine and cigarette machine in an effort to break them open. Appellant and Pinkerton were then placed under arrest.

During the trial appellant made an offer to prove by the testimony of an officer that Pinkerton told the officer who first stopped the car that the beer belonged to him; that he had purchased it and intended to bootleg it the next day. Appellant also offered to prove that, in an interview a few days after the arrest, Pinkerton had again told an officer that appellant had nothing to do with acquiring the beer and that a metal tent stake and bolt found in the car belonged to him. Introduction of such evidence was refused by the trial court after objection by the prosecuting attorney.

Appellant contends that the proffered testimony should have been received as a confession or declaration by a third person against penal interest. A majority of courts hold that the extrajudicial declarations of a third party that he committed the crime, not made under oath, are hearsay and, even though they are declarations against interest, are inadmissible. *Donnelly v. United States,* 228 U.S. 243, 57 L. Ed. 820, 33 Sup. Ct. 449 (1913); 22A C.J.S. 1115. The principle is alluded to in the case of *State v. Smythe,* 148 Wash. 65, 268 Pac. 133 (1928).

A number of courts have recognized incriminating statements by a third person to be admissible as an exception to the hearsay rule as statements against penal interest of the declarant, and therefore worthy of belief. No distinction is made between declarations of criminal culpability and the commonly admitted declarations against pecuniary and proprietary interests. It is held that a man is unlikely to speak falsely to his own hurt and the element of self interest affords a reasonably safe substitute for the oath and cross-examination as a guarantee of the truth. *Hines v.*

*Commonwealth,* 136 Va. 728, 117 S.E. 843, 35 A.L.R. 431 (1923); *Newberry v. Commonwealth,* 191 Va. 445, 61 S.E.2d 318 (1950); *People v. Spriggs,* 60 Cal. 2d 868, 389 P.2d 377 (1964); Holmes dissenting in *Donnelly v. United States, supra; People v. Lettrich,* 413 Ill. 172, 108 N.E.2d 488 (1952); *Brady v. State,* 226 Md. 422, 174 A.2d 167 (1961); 167 A.L.R. Annot. 394; ALI Model Code of Evidence, Rule 501 at 225 (1942); 5 Wigmore, Evidence § 1476 (3d ed. 1940) at 281. Appellant urges we adopt this second rule.

We find it unnecessary to determine the admissibility of such confessions or declarations because the statements of Pinkerton were not declarations against penal interest. He did not admit participation in the burglary. The statement that he owned and had purchased the beer found in the car was not the admission of an unlawful act. It was rather a statement tending to exculpate him from any connection with the burglary. Likewise, the later statement relative to the ownership of the articles in the car was not against Pinkerton's penal interest but only a statement absolving appellant from any inference of ownership of the articles.

It is the common experience of mankind that persons do not voluntarily admit to facts for which they may be punished unless such statements are true. It is this element which has led some courts to justify an extension of the declaration against interest exception to the hearsay rule. The element is absent in this case. Pinkerton did not admit to participation in any crime for which he could be punished. His statements were more nearly an attempt to absolve both himself and appellant from connection with the burglary.

It should also be noted that no reason was given why Pinkerton was not subpoenaed and no showing was made that he would not testify in accordance with the statements allegedly made by him. A majority of the courts permitting declarations of third persons against penal interest require a preliminary showing to be made that the testimony of the declarant is not available for some reason.

■ Appellant also contends that the declarations of Pinkerton were admissible under the res gestae exception to the hearsay rule. Clearly the statement made several days after the event was not a spontaneous declaration made incident to the arrest. At the trial appellant did not contend that the Pinkerton statement at the time of arrest came under the res gestae exception to the hearsay rule. This contention cannot first be successfully advanced in this court. The trial court must be informed of the contentions of the parties and the theory upon which evidence is offered so that he may rule on such contention and be given an opportunity to consider such theory and thus avoid committing error. *Davis v. Sill*, 55 Wn.2d 477, 348 P.2d 215 (1960); *Rutter v. Rutter*, 59 Wn.2d 781, 370 P.2d 862 (1962); *State v. Heslin*, 63 Wn.2d 957, 389 P.2d 892 (1964); *State v. Reano*, 67 Wn.2d 768, 409 P.2d 853 (1966).

The trial court did not err in rejecting the proffered testimony.

■ Finally, it is contended that the trial court erred in refusing to permit the proprietor of the burglarized tavern to give his opinion as to whether or not appellant was one of the parties who participated in the burglary. The proprietor of the tavern was in no better position than any other person who investigated the crime to give such an opinion. The question literally asked the witness to express an opinion on whether or not the appellant was guilty of the crime charged. Obviously this question was solely for the jury and was not the proper subject of either lay or expert opinion. *State v. Trombley*, 132 Wash. 514, 232 Pac. 326 (1925); *State v. Chemeres*, 20 Wn.2d 712, 147 P.2d 815 (1944); *State v. Baker*, 56 Wn.2d 846, 355 P.2d 806 (1960).

Finding no error, the judgment of the trial court is affirmed.

FINLEY, C. J., HILL, DONWORTH, and HAMILTON, JJ., concur.