[No. 40882.     En Banc.     February 18, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE D. MALONEY, JR., *Appellant.*\*

\*Reported in 481 P.2d 1.

*Gordon E. Cornelius,* for appellant.

*Donald C. Brockett* and *LeRoy C. Kinnie,* for respondent.

HAMILTON, C.J.—Appellant, by jury trial in superior court, was convicted on separate counts of violating RCW 9.87.010(7) and 9.87.010(13),[1] respectively. He was sentenced to pay a fine of $100 on each count, with the fine on the count lodged under RCW 9.87.010(13) suspended. He appeals.

The circumstances giving rise to his convictions may be summarized as follows:

On February 19, 1968, the Board of Trustees of the Spokane Community College adopted an administrative policy statement relating to the free distribution of handbills, leaflets, and other materials on the college campus by nonstudents and off-campus organizations. This statement required that such distributors register with the Dean of Students, who then would designate areas on the campus where distribution could be made. The next day the policy

---

[1] RCW 9.87.010 in pertinent part provides:

"Every—

" . . .

"(7) Lewd, disorderly or dissolute person; or,

" . . .

"(13) Person, except a person enrolled as a student in or parents or guardians of such students or person employed by such school or institution, who without a lawful purpose therefor wilfully loiters about the building or buildings of any public or private school or institution of higher learning or the public premises adjacent thereto—

"Is a vagrant, . . ."

statement was further implemented by the requirement that all sales of periodicals, magazines, and books on campus be channelled through the college book store. Appellant attended the board of trustees' meeting at which the initial policy statement was announced.

On April 17, 1968, appellant entered upon the college campus and commenced to sell a publication entitled "Spokane Natural," characterized in the statement of facts as a "so-called underground newspaper." Appellant was not a student at the school, neither was he otherwise affiliated with the institution. He made no effort whatsoever to comply with the requirements of the policy statement of February 19th or the implementary rule regarding commercial publications.

As appellant proceeded with his sales efforts, he was approached by college officials, advised of the school policy requirements, informed he could give away the periodical at designated areas on the campus or that he could sell it on the street, and asked to comply with the college rules. He refused and continued his sales attempts. He was then asked to leave, and, upon his refusal, the police were called. Arrest, charge, and conviction followed.

Appellant challenges his convictions under RCW 9.87 .010(7), the "lewd, disorderly or dissolute" provision, and RCW 9.87.010(13), the willful loitering provision of the vagrancy statute. He contends that the respective provisions are unconstitutionally vague, overbroad and inapplicable to his activities on the campus on the day in question. In addition, he questions the sufficiency of the evidence to support a finding of guilt under either provision.

In *State v. Harlowe*, 174 Wash. 227, 24 P.2d 601 (1933), we considered RCW 9.87.010(7), recognized the common and ordinary meaning of the terms employed and held that the provision was not vague and uncertain. Since that time, we have further considered and somewhat limited or narrowed the meaning of the word "disorderly" as used in the context of the provision. In these later decisions we have held that the word, in its context, connotes

overt misconduct contrary to the rules of good order and behavior, which is violative of the public peace. *Seattle v. Franklin,* 191 Wash. 297, 70 P.2d 1049 (1937); *State v. Finrow,* 66 Wn.2d 818, 405 P.2d 600 (1965); *State v. Levin,* 67 Wn.2d 988, 410 P.2d 901 (1966). As so construed and applied we can perceive no fatal vagueness.

In *State v. Oyen,* 78 Wn.2d 909, 480 P.2d 766 (1971), we were confronted with and considered contentions of vagueness, overbreadth and inapplicability of RCW 9.87.010(13) as applied to a factual situation analogous to the one existing in this case. Our conclusions were contrary to appellant's contentions here and are dispositive of his arguments with respect thereto as applied to both RCW 9.87.010(7) and 9.87.010(13).

We turn to appellant's challenges going to the sufficiency of the evidence to sustain the verdicts of guilt under either of the cited subdivisions of RCW 9.87.010.

We are satisfied that within the purport of RCW 9.87 .010(13), as defined in *State v. Oyen, supra,* the evidence concerning his unauthorized presence and conduct on the campus on the date in question, is sufficient to sustain the verdict under that count of the complaint. On the state of the record before us, however, we cannot say the same with respect to the count lodged under RCW 9.87.010(7), considering the interpretation and application given to the term "disorderly" in our prior decisions.

■ There is no evidence that appellant in undertaking to sell the periodical, Spokane Natural, on the campus was loud, boisterous or tumultuous. Neither is there any indication in the record that his confrontation with the school authorities or the police was blatant, vociferous, or belligerent. In fact, one of the school officials involved testified that he was courteous and polite. For the most part classes were in session, and the testimony reveals that, except for some momentary and limited student curiosity generated by the assemblage of appellant, the school officials and the police on the campus, the peace and order of the educational process was not otherwise disturbed. Under these circum-

stances, we do not deem that appellant's behavior can fairly or properly be characterized as overt misconduct violative of the public peace within the contemplation of RCW 9.87.010(7). *Cf. State v. Levin, supra.*

In addition, although the point has not been raised on this appeal, we are dubious of the propriety of the state erecting two counts of vagrancy and seeking to exact two penalties predicated upon identical and indivisible circumstances and events occurring at the same time and place. RCW 9.87.010 contains 13 subdivisions each defining a course of conduct which may constitute one a vagrant. Certainly it is conceivable that a person may become a vagrant by breaching two or more of the subdivisions at one and the same time, but we are not inclined to the view that it necessarily follows that one cooperative indivisible act or transaction gives rise and permits multiple counts, convictions, and penalties predicated upon the single indivisible act or transaction. *Cf. People v. Roberts,* 40 Cal. 2d 483, 254 P.2d 501 (1953); *People v. Fowler,* 1 Cal. 3d 335, 82 Cal. Rptr. 363, 461 P.2d 643 (1969); *see, Larceny—Identity of offenses,* Annot., 28 A.L.R.2d 1182 (1953).

We sustain appellant's challenge to the sufficiency of the evidence to support his conviction on the count of the complaint charging a violation of RCW 9.87.010(7). The conviction and sentence under that provision is, therefore, set aside.

At the commencement of trial in the superior court, which came there for trial de novo on appeal from municipal court, appellant requested that he be entitled to waive trial by jury. In support of his request, he asserted that because of certain publicity relating to the Spokane Natural adverse feeling existed in the community which would preclude selection of an unprejudiced and impartial jury. The trial court denied appellant's request. Appellant assigns error to this action of the trial court.

We do not have the voir dire examination of the jury before us, or any data bearing upon appellant's claim that a fair and impartial jury could not be obtained. Conse-

quently, we are unable to intelligently evaluate any claim of prejudice accruing to appellant as a result of the denial of his request for a nonjury trial.

RCW 10.01.060 provides, in pertinent part:

> [E]xcept in capital cases, where the person informed against or indicted for a crime is represented by counsel, such person may, with the assent of the court, waive trial by jury and submit to trial by the court.

■ ■ We have held, in *State v. Jones*, 70 Wn.2d 591, 424 P.2d 665 (1967), that this statute, at least insofar as serious offenses be concerned, invests the trial court with discretion in ruling upon a defendant's request for a nonjury trial, and that an appellate court will not disturb a trial court's refusal of such a request absent a showing that the trial court manifestly abused its discretion.

The United States Supreme Court, in *Singer v. United States*, 380 U.S. 24, 13 L. Ed. 2d 630, 85 S. Ct. 783 (1965), also considered a defendant's contention that the right to waive a jury trial, as set forth in Rule 23(a) of the Federal Rules of Criminal Procedure (8 J. Moore, Federal Practice (2d ed. 1968)),[2] could not be conditioned upon the assent of the trial court or the prosecuting attorney. In rejecting this contention, the court stated, at page 36:

> In light of the Constitution's emphasis on jury trial, we find it difficult to understand how the petitioner can submit the bald proposition that to compel a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process. A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him.

---

[2]Rule 23(a) of the Federal Rules of Criminal Procedure (8 J. Moore, Federal Practice (2d ed. 1968)) provides:

"(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

There being no showing whatsoever that appellant was prejudiced in any manner in having his cause heard before a jury, nor any indication that the trial court manifestly and untenably abused its discretion in denying his request for a nonjury trial, we find no reversible error on this score.

Lastly, appellant contends that the policy statement of the Board of Trustees of the Spokane Community College with respect to the distribution of free and commercial periodicals on the campus lacks any efficacy because the board of trustees, in promulgating and adopting the administrative policy measure, failed to comply with the procedural requirements of RCW 34.04, the Administrative Procedure Act, and more particularly the notice requirements of RCW 34.04.025 and 34.04.027.[3]

■ We do not reach and pass upon the merits of this contention. Appellant did not raise this issue in the trial court. He advances it for the first time on appeal. Assuming arguendo that the Administrative Procedure Act is applicable to the board of trustees of a community college in establishing administrative policy and practices with respect to nonschool related activities in and about the college, we would have to speculate as to the procedures followed in the promulgation of the challenged measure in the instant case, for no evidence or testimony concerning com-

---

[3]In pertinent part RCW 34.04.025 provides:

"(1) Prior to the adoption, amendment or repeal of any rule, each agency shall:

"(a) Give at least twenty days notice of its intended action by filing the notice with the code reviser, mailing the notice to all persons who have made timely request of the agency for advance notice of its rule-making proceedings, and giving public notice as provided in RCW 42.32 .010, . . .

". . . .

"(2) No rule hereafter adopted is valid unless adopted in substantial compliance with this section, . . ."

RCW 34.04.027 provides:

"When twenty days notice of intended action to adopt, amend or repeal a rule has not been filed with the code reviser, as required in RCW 34.04.025, the code reviser shall not publish such rule and such rule shall not be effective for any purpose."

pliance or noncompliance with the Administrative Procedure Act was adduced at the trial. We have often stated that issues not put forth at the trial level will not be considered for the first time on appeal. *State v. Ashby,* 77 Wn.2d 33, 459 P.2d 403 (1969); *State v. Bullock,* 71 Wn.2d 886, 431 P.2d 195 (1967); *State v. Garrison,* 71 Wn.2d 312, 427 P.2d 1012 (1967).

The judgment and sentence as to the breach of RCW 9.87.010(13) is affirmed. The judgment and sentence with respect to a breach of RCW 9.87.010(7) is reversed.

FINLEY, ROSELLINI, HUNTER, HALE, McGOVERN, and STAFFORD, JJ., and HILL, J. Pro Tem., concur.

\*Reported in 481 P.2d 9.