318

[Nos. 40816, 40817.   En Banc.   May 20, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. EDISON S. FISK
*et al., Appellants.*

*Talbot, Smith & Stone,* by *Chas. H. W. Talbot,* for appellants.

*Myron H. Freyd, Prosecuting Attorney,* for respondent.

HAMILTON, C.J.—These are consolidated cases. Both defendants appeal from a conviction under RCW 9.27.070.[1]

_____

[1]"Every person who shall remain present at the place of an unlawful meeting after having been warned to disperse by a magistrate or public officer, unless as a public officer or at the request of such officer

Defendant Adkins additionally appeals from a conviction of vagrancy as defined in RCW 9.87.010(13).[2]

The charges from which the convictions flow arose as a result of a "sit-in" type gathering of persons in the administration building of Olympic Community College in Bremerton, Washington. The avowed purpose of the assemblage was to meet with the college president, Dr. J. D. Park, and protest the expulsion of defendant Adkins from the college for disciplinary reasons.

The group, consisting of defendants and 65 or more other persons, mostly students of the college, assembled in the administration building about 2 p.m., April 24, 1968. At that time they were informed that the president was not in his office and it was not known for certain when he would return. Part of the group remained in the president's outer office, and the remainder repaired to an adjacent corridor. At the end of the business day, the group in the office joined the others in the hall. The entire group, with some fluctuation in numbers, remained in the building throughout the night of April 24 and the day of April 25, sleeping in sleeping bags, eating, studying, talking, listening to radios and phonographs, and playing musical instruments. Due to the confusion, crowding, noise, and paraphernalia in the corridor ingress and egress to offices off the corridor was difficult and the daily work of the administrative staff was substantially impaired.

The president of the school was advised of the situation, and conferred with legal counsel in Olympia, Washington,

---

he is assisting in dispersing the same, or in protecting persons or property or in arresting offenders, shall be guilty of a misdemeanor." RCW 9.27.070.

[2]"Every—

". . .

"(13) Person, except a person enrolled as a student in or parents or guardians of such students or person employed by such school or institution, who without a lawful purpose therefor wilfully loiters about the building or buildings of any public or private school or institution of higher learning or the public premises adjacent thereto—

"Is a vagrant, . . ." RCW 9.87.010.

during April 25. At 7:30 p.m. that evening, he met with the board of trustees of the college as well as with members of his staff. It was decided that the president would request the assemblage to leave the building and if they refused the police would be called in.

At 9:30 p.m., the official closing time of the administration building, the president, the vice-president, the Bremerton Chief of Police, and other public officials appeared before the group. The president addressed the group, advising them that the official closing time for the building had come and requested that they leave the premises. The group caucused and, with some exceptions, decided to remain until their grievances had been resolved.

Thereafter, the chief of police advised the group that the gathering was being declared an unlawful assembly and if they persisted in remaining in the building they would be arrested and charged with various offenses. A period of time was provided for additional discussion, during which defendants Fisk and Adkins requested the group to remain which, with some exceptions, the participants undertook to do. At 10:20 p.m., arrests commenced and proceeded peacefully.

In all 67 persons were arrested and charged. Of these 2 were under 18 years of age and were processed as juveniles; 12 or 13 pleaded guilty and received deferred sentences; 4 nonstudents, charged with vagrancy, failed to appear in court resulting in the issuance of bench warrants; charges against 2 were dropped for appropriate reasons; and the remainder agreed to be bound by the joint trial of 6 defendants, including Fisk and Adkins, in district court.

The six defendants were charged with disturbing a school meeting, unlawful assembly, and failure to disperse from an unlawful meeting, in violation of RCW 28A.87.060,[3]

---

[3] "Any person who shall wilfully create a disturbance on school premises during school hours or at school activities or school meetings shall be guilty of a misdemeanor, the penalty for which shall be a fine in any sum not more than fifty dollars. . . ." RCW 28A.87.060.

9.27.060,[4] and 9.27.070, respectively. In addition, defendant Adkins, being a nonstudent as a result of his expulsion, was charged with vagrancy under RCW 9.87.010 (13).

In district court, the defendants were tried before a jury. The jury acquitted them of the offenses of disturbing a school meeting and unlawful assembly and found them guilty of the offense of failing to disperse from an unlawful meeting. The jury also found defendant Adkins guilty of the vagrancy charge.

In the district court, defendants Fisk and Adkins moved for an arrest of judgment contending that the verdicts of acquittal on the unlawful assembly charge and of guilty on the failure to disperse from an unlawful meeting were inconsistent and could not stand. Defendant Adkins also challenged his conviction on the vagrancy charge asserting that RCW 9.87.010 (13) was unconstitutionally vague. Defendants' motions were denied. They appealed to the superior court.

During the course of a trial de novo before the superior court sitting with a jury, the defendants renewed their challenges relating to the inconsistent verdict question and the asserted vagueness of RCW 9.87.010 (13). Their challenges were again rejected and, at the conclusion of trial, the jury found them guilty as charged. This appeal followed.

By their respective assignments of error, three issues are presented: (1) Whether RCW 9.87.010 (13) of the vagrancy statute is unconstitutionally vague; (2) whether the district court verdicts of guilty of failing to disperse from an unlawful meeting and not guilty of unlawful assembly are

---

"'Whenever three or more persons shall assemble with intent—

"(1) To commit any unlawful act by force; or,

"(2) To carry out any purpose in such manner as to disturb the public peace; or,

"(3) Being assembled, shall attempt or threaten any act tending toward a breach of the peace, or an injury to persons or property, or any unlawful act—such an assembly is unlawful, and every person participating therein by his presence, aid or instigation, shall be guilty of a gross misdemeanor." RCW 9.27.060.

fatally inconsistent; and (3) whether the evidence presented was sufficient to support a conviction of failing to disperse from an unlawful meeting. We approach the issues in the order designated.

■ In *State v. Oyen,* 78 Wn.2d 909, 480 P.2d 766 (1971), and *State v. Maloney,* 78 Wn.2d 922, 481 P.2d 1 (1971), we fully considered the question of whether RCW 9.87-.010(13) was unconstitutionally vague, overbroad or violative of due process standards. We held that the statute in question was a valid one, stating with respect to the phrases "wilfully loiters" and "without a lawful purpose" that, taken in the full context of the statute,

> These statutory standards and limitations, in our view, are sufficiently definite and specific to give any ordinary person of common intelligence wishing to avoid the interdiction of RCW 9.87.010(13) reasonable notice of the prohibited conduct. The provision, therefore, squares with procedural due process and is not unconstitutionally vague.

*State v. Oyen,* 78 Wn.2d 909, 917, 480 P.2d 766 (1971).

This determination is dispositive of the first issue raised by defendants. Being a nonstudent at the time of the incident in question, defendant Adkins fell within the proscriptions of the statute, and his conviction thereunder is affirmed.

For purposes of clarity, in approaching the second issue, we set out the statutes involved.

> Whenever three or more persons shall assemble with intent—
>
> (1) To commit any unlawful act by force; or,
>
> (2) To carry out any purpose in such manner as to disturb the public peace; or,
>
> (3) Being assembled, shall attempt or threaten any act tending toward a breach of the peace, or an injury to persons or property, or any unlawful act—such an assembly is unlawful, and every person participating therein by his presence, aid or instigation, shall be guilty of a gross misdemeanor.

RCW 9.27.060.

Every person who shall remain present at the place of an unlawful meeting after having been warned to disperse by a magistrate or public officer, unless as a public officer or at the request of such officer he is assisting in dispersing the same, or in protecting persons or property or in arresting offenders, shall be guilty of a misdemeanor.

RCW 9.27.070.

It is the defendants' contention that the phrase "unlawful meeting" as utilized in RCW 9.27.070 constitutes an essential element of the offense therein defined, and that it embraces the same meaning and imports the identical element of an "unlawful assembly" as proscribed in RCW 9.27.060, ergo, their acquittal of an "unlawful assembly" charge under RCW 9.27.060 is inconsistent with a conviction under RCW 9.27.070 since it follows that the jury found their meeting was not an "unlawful" one.

■ Defendants' argument is predicated upon our holding in *State v. O'Neil*, 24 Wn.2d 802, 167 P.2d 471 (1946), wherein we stated the rule relative to inconsistent verdicts as follows, at page 809:

What constitutes inconsistency depends upon the particular circumstances. If the crimes charged in separate counts are composed of different elements, a verdict of acquittal on one ordinarily is not inconsistent with a verdict of guilty on another. 23 C. J. S. 1093, § 1403; *State v. Powers*, 152 Wash. 155, 277 Pac. 377; *State v. Baird*, 200 Wash. 227, 93 P. (2d) 409. But where, as in the instant case, two offenses growing out of the same transaction are charged in separate counts of an indictment or information, and one offense includes elements or acts necessary to the commission of the other offense, a verdict of acquittal of the one is inconsistent with a verdict of guilty of the other. [Citing cases.]

The state, in response to defendants' contention, asserts that the two offenses, respectively defined by RCW 9.27.060 and 9.27.070, while similar in nature are, in fact, separate and distinct and composed of different elements. Therefore, the state opines, the questioned verdicts are not inconsistent.

We agree with the state.

■ The elements of the offense defined by RCW 9.27.060 are: (1) the assembly of three or more persons; (2) with intent; (3) (a) to commit an unlawful act by force, or (b) to carry out any purpose in such a manner as to disturb the public peace, or (c) being assembled, to attempt or threaten any act tending toward (i) a breach of the peace, (ii) an injury to persons or property, or (iii) the commission of any unlawful act; and (4) participation in the intended purpose by the presence, aid or instigation of the person or persons charged.

It is thus apparent that the primary thrust of RCW 9.27.060 is to prohibit and/or punish those persons who would knowingly participate in an assemblage of three or more individuals entertaining a common intent to commit an unlawful act by force, disrupt or threaten to breach the public peace, injure or threaten to injure persons or property, or to commit or attempt to commit any unlawful act. Criminal intent is the touchstone of the offense defined. *State v. Dixon,* 78 Wn.2d 796, 479 P.2d 931 (1971).

In contrast, the elements of the offense set forth in RCW 9.27.070 may be listed as: (1) the unauthorized presence of the person charged at an unlawful group meeting; (2) the issuance to that person of a warning to disperse by a magistrate or public officer; and (3) the failure or refusal to disperse after such warning. Criminal intent on the part of the person charged is not a prerequisite to conviction. His unwarranted presence at, and his refusal to heed a lawful order to disperse from, an assemblage which by its presence, composition, location, nature, and behavior has become unlawful are the keystones of the offense. The purpose of the statutory proscription is to provide a means whereby unlawful mob action may be peaceably averted.

We conclude from this comparison of the two offenses involved that they are composed of different elements and an acquittal of a charge under RCW 9.27.060 is not fatally inconsistent with a conviction under RCW 9.27.070.

Under the third issue presented, defendants contend that,

in any event, the evidence failed to establish that the assemblage in the corridor of the Olympic Community College administration building constituted an unlawful meeting.

We cannot agree with defendants' contention.

The record before us, although rather inadequate, indicates that (1) a group of some 65 persons, of which defendants were a part, occupied the corridor of a public school building for upwards of 2 days without official permission or sanction; (2) their presence, location, conduct, and composition substantially impaired the normal function to which the building was dedicated and of which their assemblage was not a part; (3) the official daily closing time of the building was 9:30 p.m.; (4) on April 25, 1968, at approximately 9:30 p.m., the president of the college advised the assemblage of the closing time and requested that they depart the building; (5) thereafter the chief of police formally warned the group to disperse; and (6) the defendants failed and refused to comply with the warning. At a minimum, the presence and conduct of the group amounted to a trespass or a nuisance and was under the circumstances unlawful. The conviction of defendants under RCW 9.27.070 is, therefore, amply sustained by the evidence.

The judgments are affirmed.

FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, and SHARP, JJ., and RYAN, J. Pro Tem., concur.