[No: 1260-2.    Division Two.    November 26, 1974.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD R. HOWARD, *Appellant*.

*Gregory O. DeBay* and *Jack L. Burtch,* for appellant (appointed counsel for appeal).

*Curtis M. Janhunen, Prosecuting Attorney,* for respondent.

PETRIE, J.—This is an appeal from an order deferring imposition of sentence following a conviction by jury verdict of possession of amphetamines, a controlled substance. The defendant was arrested during a drug raid on June 18, 1971. Drugs were found in his car when he was arrested. In a prior opinion we reversed a trial court order suppressing

evidence obtained during that arrest. *State v. Howard,* 7 Wn. App. 668, 502 P.2d 1043 (1972).

At trial, defense counsel sought to introduce statements made by an unavailable witness, one Richard Begley, who was riding with the defendant at the time of the arrest, that he, Begley, and not the defendant, owned the drugs found in defendant's automobile. Begley's statements were reportedly made in jail the evening of the arrest and were overheard by three other inmates at the jail. The trial court excluded the testimony of these three witnesses.

The defendant argues that the testimony of each of these witnesses should have been admitted as a declaration against the declarant's penal interest. This State has not definitively passed upon the question of whether and under what circumstances to permit, as an exception to the hearsay rule, evidence of a witness who has heard a statement against the declarant's penal interest. However, several minimal requirements have been enunciated. *See State v. Garrison,* 71 Wn.2d 312, 427 P.2d 1012 (1967) that the statement must truly be an admission of an unlawful act; *State v. Wicker,* 10 Wn. App. 905, 520 P.2d 1404 (1974) that there must be some corroborative circumstances or other evidence of trustworthiness; *State v. Grant,* 9 Wn. App. 260, 511 P.2d 1013 (1973) that the declarant must be unavailable.

A basic requirement of all hearsay exceptions is that the facts and circumstances surrounding the statement indicate a high probability of trustworthiness. 5 Wigmore, *Evidence* § 1422 (3d ed. 1940).

In this case, the circumstances corroborating Begley's statement are of a questionable nature. First, the defendant argues that Begley's confession of ownership of the drugs was corroborated because there was evidence that Begley had bought drugs in the past and had pleaded guilty to a charge of possession allegedly committed on the day of his arrest. However, the police seized a controlled substance on Begley's *person* during their search incident to his arrest.

The guilty plea did not distinguish as to whether Begley was pleading guilty for possessing the drugs found on his person or all the drugs found in the car.

Secondly, Begley's statements were made after a protracted argument between Begley and Howard. There was evidence to indicate that Howard may have threatened Begley while in jail. All three witnesses had prior convictions and were themselves under arrest for drug charges. One of the witnesses had consumed 25 amphetamines earlier in the evening, causing his memory to be admittedly shaky.

Thirdly, the admissions did not completely exculpate the defendant because they did not account for all the drugs found in the car. In addition, these statements were not directly against Begley's penal interest. He was already under arrest and by confessing to ownership and possession, Begley did not expose himself to any additional criminal liability. In fact, the State had a much stronger case of possession against Begley because of the drugs which were actually found on his person at the time of arrest.

All of these circumstances indicate a lack of worthiness of the statements. We find the trial court committed no error by excluding the statements.

The defendant also assigns error to the giving of certain instructions and to the failure to give other proposed instructions, all pertaining to the law of constructive possession.

> While each party is entitled to have his theory of the case set forth in the court's instructions, the trial court has considerable discretion in how the instructions are worded. If the instructions are readily understood and not misleading to the ordinary mind they are sufficient. The test of the sufficiency of instructions given on the theory of the case has been held to be whether, from the instructions given, counsel may satisfactorily argue his theory of the case to the jury.

*State v. Alexander,* 7 Wn. App. 329, 336, 499 P. 2d 263 (1972).

We find the jury was adequately instructed on the law of possession. Judgment affirmed.

PEARSON, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied January 6, 1975.