Robert F. LAMOUREUX, Petitioner, Appellant,

v.

COMMONWEALTH OF MASSACHU-SETTS, Respondent, Appellee.

No. 7200.

United States Court of Appeals First Circuit.

Argued Jan. 6, 1969.

Decided March 20, 1969.

A. David Mazzone, Boston, Mass., by appointment of the Court, with whom Moulton, Looney, Mazzone & Falk, Boston, Mass., was on brief, for appellant.

Willie J. Davis, Asst. Atty. Gen., with whom Elliot L. Richardson, Atty. Gen., was on brief, for appellee.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of a petition for habeas corpus by the district court concerning convictions for robbery and kidnapping. Appellant argues that the identification procedure employed by the police was unduly suggestive and that he was denied effective assistance of counsel at the trial.

■ We do not consider the identification argument since appellant has failed to present it to any state court. 28 U.S.C. § 2254. Needel v. Scafati, 412 F. 2d 761 (1st Cir., filed this day).

Appellant's principal contention is that his public defender did not adequately prepare and conduct his defense and that he should have been afforded the opportunity to obtain new counsel. This contention was considered and rejected first by a single justice of the Massachusetts Supreme Judicial Court, then by the full court, and finally by the district court. The state court findings were accepted by the district court on this issue.

Appellant expressed dissatisfaction with his court-appointed counsel both prior to and during trial. At a preliminary hearing appellant observed that the public defender was "a pretty busy man" and that he would like to have an attorney of his own choosing. Appellant, however, also informed the court that he was unable to pay a private attorney. After the hearing the trial judge privately asked the public defender if he wished to be relieved of his assignment. The defender replied that he would continue since he felt better prepared than another attorney would be.

On the second day of trial appellant interrupted the court, stating that he did not want his counsel to defend him and that he could "show cause" why counsel was not performing adequately. The judge ordered the appellant to be seated and the public defender proceeded to try

the case. Appellant argues that the trial judge should have permitted him to state his reasons for demanding the discharge of court-appointed counsel.

Although it might have been better practice for the trial judge to hear appellant's reasons, see Lamoureux v. Commonwealth, Mass., 233 N.E.2d 741, we cannot say that his refusal to do so in this case constituted an abuse of discretion or was prejudicial to appellant.

■■ We begin with the observation that the right of an indigent to dictate a change in court-appointed counsel is circumscribed by the existence of specific procedures established for their representation. Nash v. Reincke, 325 F.2d 310, 312 (2d Cir. 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1345, 12 L.Ed.2d 302 (1964). Once a trial has commenced, the right of an individual, whether he be indigent or non-indigent, to force a change in counsel is further diminished. There must be "a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance." United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965), cert. denied, Di Blasi v. McMann, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966). See also United States v. Catino, 403 F.2d 491, 497–498 (2d Cir. 1968); United States v. Cozzi, 354 F.2d 637 (7th Cir. 1965), cert. denied, 383 U.S. 911, 86 S.Ct. 896, 15 L.Ed.2d 666 (1966); Dearinger v. United States, 344 F.2d 309 (9th Cir. 1965). A contrary rule would give a litigant the power to halt proceedings and gain time whenever he sensed a trial going badly.

■ The single justice found that appellant "expressly disclaimed any intention to charge the court-appointed counsel with negligence"[1] and that the is-

---

1. At the hearing before the single justice, appellant's counsel stated:
   "He had counsel, and from all indications in the transcript he had effective counsel, he had competent counsel.

The question is whether or not the relationship between the two had deteriorated to such an extent that in effect he did not have counsel. The issue * * * is * * * does the Court

sue was "whether or not the relationship between the two had deteriorated to such an extent that in effect he did not have counsel." However, an allegation of lack of rapport between counsel and client, in the absence of an allegation of ineffective assistance, does not rise to the level of a claim of deprivation of a constitutional right. Shaw v. United States, 403 F.2d 528 (8th Cir. 1968); cf. Dearinger v. United States, supra. Nor do mistakes in judgment or trial tactics deprive a defendant of a constitutional right, except in a rather extreme case. See Bates v. Wilson, 385 F.2d 771, 773 (9th Cir. 1967); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir.), cert. denied, 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176 (1967); Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964); United States v. Gonzalez, 321 F.2d 638, 639 (2d Cir. 1963). See also United States ex rel. Maselli v. Reincke, 383 F.2d 129 (2d Cir. 1967).

Even if we were to consider appellant's statements to constitute an allegation of incompetency, our review of the record convinces us that the district court was correct in ruling that appellant "has failed to show why the findings of the single justice and of the Supreme Judicial Court should not be 'presumed to be correct.' 28 U.S.C. § 2254 (d)." The reasons offered by appellant to the single justice are insufficient to establish incompetency of counsel. We note first that his counsel devoted time to confer with appellant prior to trial and gave consideration to appellant's suggestions. It is merely speculation whether calling three witnesses—none of whom was alleged to have seen appellant— would have aided appellant's case. Counsel had no basis to present an alibi defense since appellant, throughout preparation of the case (according to counsel) had told counsel that he had been in Massachusetts at the time of the crime. Finally, appellant's criticism of his counsel on the ground of insufficient attention to the legality of the rendition proceedings was misplaced. Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1942), O'Shea v. United States, 395 F.2d. 754 (1st Cir. 1968).

Affirmed.

---

have a duty not only to appoint competent, qualified, experienced counsel, but also counsel in whom the defendant has confidence that his rights are protected and safeguarded?"