457 P.2d 278

**STATE of Arizona, Appellee,**

v.

**Gino SALERNO, Appellant.**

**No. 1814.**

Supreme Court of Arizona.

In Division.

July 11, 1969.

**602**

———✦———

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Leibsohn & Goldstein, Phoenix, for appellant.

UDALL, Chief Justice:

Gino Salerno was tried and convicted with Andrew Lombardo for the crime of grand theft. Two witnesses observed the defendants enter Skomer's Mens Store in Park Central Shopping Center, Phoenix; saw Salerno take two suits off the rack and put them under Lombardo's trenchcoat; and then watched Lombardo leave the store and head for the parking lot. The witnesses, both store detectives for other stores in the center, followed Lombardo to the parking lot where they arrested him with the suits in his possession. Salerno was arrested shortly thereafter at another part of the shopping center. The defendants were jointly tried but have appealed separately. We considered questions raised common to both appellants in State v. Lombardo, Ariz., 457 P.2d 275. This opinion is concerned only with two points raised solely by Salerno.

Salerno first contends that the verdict and judgment were not supported by the evidence presented at trial. We believe the following correctly states the law in this regard:

> "In reviewing the sufficiency of the evidence to support a conviction the evidence must be viewed in light most favorable to the state, and all reasonable inferences must be resolved against defendant. In considering whether a verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. The question is whether there is competent evidence to support the conclusions found." State v. Norgard, 103 Ariz. 381, 382, 442 P.2d 544, 545 (1968).

The evidence against Salerno consisted mainly of the testimony of the two store detectives, each of whom identified him and described his part in the crime. One of the detectives had followed Salerno for some time prior to his entering Skomer's. We feel that the verdict is adequately supported by the above evidence.

Salerno next contends that the court erred in refusing to grant his motion for a separate trial. In support of his motion Salerno argued that he would be prejudiced in a joint trial by the admission into evidence of certain inculpatory statements made by the co-defendant Lombardo. In that regard the court gave the following instruction:

> "Where evidence has been received against one of the defendants but is not received as against the other, the jury may consider such evidence only as against the defendant against whom it was permitted to be received. It may not be considered by the jury for any other purpose or against any other defendant."

Defendants are to be tried jointly when they are jointly charged with any offense and a motion for separate trials is addressed to the discretion of the court. Rule 254, Rules of Criminal Procedure, 17 A.R.S. We will interfere with the court's ruling only where there is shown a clear abuse of discretion.

In State v. Goodyear, 98 Ariz. 304, 404 P.2d 397, reversed on rehearing, 100 Ariz. 244, 413 P.2d 566 (1966), we upheld the trial court's refusal to grant separate trials where confessions were admitted into evidence. The question was also fully discussed in State v. Jackson, 100 Ariz. 91, 412 P.2d 36 (1966), where we said:

> "It is not an abuse of this discretion for the court to deny motions for separate trials where confessions are to be admitted when it finds none of the defendants will be prejudiced by their admission under instructions to limit the consideration of each confession as evidence applicable only to the defendant who made it."

Since Jackson and Goodyear the U.S. Supreme Court has handed down its decisions in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); and Harrington v. California, 395 U.S. —, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). In Bruton one defendant confessed and in the confession implicated the co-defendant Bruton in the crime. The Court held that the trial court's refusal of a request for separate trials was a denial of Bruton's Sixth Amendment right to confrontation of witnesses. The rationale behind the decision was that since the confessor did not take the stand Bruton had no opportunity to cross-examine him concerning his implication of Bruton in the crime. The Court further took the view that a jury could not reasonably be expected to disregard a confession of one defendant implicating the other when deciding the other's guilt.

The Bruton rule was considered in Harrington and the Court held that even though there was a violation of Bruton the decision of the court below would not be disturbed where the evidence against the defendant overwhelmingly pointed to his guilt. In such a case the error would be "harmless beyond a reasonable doubt."

In the instant case the evidence points clearly to Salerno's guilt. Two seasoned store security officers stood across the mall and watched Salerno take two suits off the rack in Skomer's and hand them to Lombardo. Salerno was arrested near the scene of the theft shortly after the incident took place. Both witnesses positively identified him at trial. There was no evidence proffered in defendant's behalf which would tend to exonerate him from guilt. If there was any violation of Bruton we find it harmless under the authority of Harrington.

Salerno was not implicated in any way in the incriminating statements made by Lombardo and on that basis the instant case is distinguishable from Bruton. In Bruton the confession of the co-defendant specifically inculpated the defendant Bruton. Because the confessor did not take the stand Bruton was denied the right to confront and cross-examine a witness against him. Salerno was not faced with the same problem since Lombardo did not tie him in with the commission of the theft.

Affirmed.

STRUCKMEYER and HAYS, JJ., concur.