501 P.2d 9

The STATE of Arizona, Appellee,

v.

Johnny Frank BUGGS, Appellant.

No. 2342.

Supreme Court of Arizona,
In Division.

Sept. 22, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, and Steven Jaynes, 3rd year law student, Arizona State University College of Law, Tempe, for appellee.

Debus & Busby by Sarah D. Grant, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilt to the crime of robbery, §§ 13–641 and 13–643 A.R.S., with a prior conviction, § 13–1649 A.R.S., and from a sentence thereon of not less than ten nor more than eleven years in the Arizona State Prison.

We are called upon to answer three questions on appeal:

1. Did the trial court err in failing to grant the defendant's motion for severance?

2. Did the trial court err in failing to grant the defendant's motion for a continuance or in the alternative defendant's motion in limine?

3. Does the evidence and the law support the verdict?

The facts necessary for a determination of the matter on appeal are as follows. Shortly before 10:00 p. m. on the evening of 16 September 1970, a car containing four or five men drove into a service station in Phoenix, Arizona. The driver got out and put some water in the car's radiator. The defendant Buggs, a passenger, got out of the car and with the driver, went into the station with the attendant to discuss the possible purchase of tires. They were joined by a third passenger when the attendant returned to the service island to get some change for this passenger, he noticed that the cash box had been tampered with. On opening the cash box he felt something like a gun at his back, and a man later identified as the codefendant Thompson said, "This is a robbery, I want your cash or I'll shoot you." The attendant complied, handed over the cash box which contained about $70 and then Thompson took the attendant to the back of the station and told him to lie down or he would shoot. After waiting a few minutes, the attendant called the police.

Shortly thereafter, a vehicle matching the description given by the attendant was spotted by a Phoenix motorcycle officer who started to pursue the then speeding vehicle. During this pursuit this officer testified he was fired upon from the vehicle. With the assistance of two officers in an unmarked police car who joined the chase, the vehicle was followed until such time as it crashed and all of the occupants fled on foot. The driver was arrested at that time and the defendant, Buggs, and his codefendant Thompson were arrested the next day. The attendant at the station identified the defendant Buggs from one of 12 photographs and also in court. One officer·.also identified the defendant as being in the fleeing car. Defendant's palm print was also found on a truck at the station.

At the time the case came to trial in Phoenix, four Phoenix police officers had been killed in the line of duty within a three or four day period prior to the trial date. There was extensive publicity in the news media, and the defendant requested a continuance which was denied. A change of venue to Mohave County was granted and the case was tried there before a jury. The jury returned a verdict of guilty as to both defendants and the prior conviction was found to be true by the jury.

## MOTION FOR SEVERANCE

It is Buggs' position that he was prejudiced by the failure of the trial court to sever his case from that of the defendant Thompson. It is the defendant Buggs' position that Thompson was the principal and the instigator of the crime and that the deeds of Thompson apparently prejudiced the jury's thinking about the defendant Buggs.

Rule 254 of the Arizona Rules of Criminal Procedure, 17 A.R.S., provides that "when two or more defendants are jointly charged * * * they shall be tried jointly, unless the court in its discretion orders separate trials", and we have stated that whether or not to grant a motion for severance is within the discretion of the trial court. State v. Salerno, 104 Ariz. 601, 457 P.2d 278 (1969).

In the instant case neither defendant took the stand, there was no testimony as to a confession which implicated defendant Thompson, there was no evidence which was admissible against one and not against the other, and we find nothing in the fact situation before this court which would bring it within the dictates of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

## MOTION FOR CONTINUANCE

As the matter came on for trial in Mohave County, both defendants moved

for a continuance because two highway patrolmen had been killed in the line of duty a few days before the start of the trial. The defendant contended there should either be a continuance or the evidence concerning the chase by the policemen of the fleeing automobile should be withheld from the jury. The trial judge denied the motion stating that if the jury was shown to be prejudiced the motion could be renewed. The first five jurors were interrogated individually in chambers until it became apparent that the jury could be selected in the normal manner.

Defendant claims that nevertheless prejudice was evidenced by the fact that the jury was out for only a few short minutes, hardly long enough to debate the merits of the case, and that "the jury was undoubtedly influenced by the general aura of feeling concerning danger to law enforcement officers in the line of duty and the evidence of the gun battle with the officers pursuing the getaway car in this case."

The evidence of defendant's flight in the automobile was clearly admissible. State v. Wayman, 104 Ariz. 125, 449 P.2d 296 (1969). We will not interfere with the trial court's action in granting or denying a continuance unless it clearly appears that the discretion of the trial court has been abused to the prejudice of the defendant. We have stated:

> "A change of venue or a continuance are not granted as a matter of right but are, rather, matters addressed to the sound discretion of the trial judge. We have often held that a trial judge's ruling on a motion for a change of venue or a continuance will not be disturbed on appeal unless a clear abuse of discretion appears and is shown to be prejudicial to defendant's cause. (citations omitted) The trial judge is granted this discretion because he is the only unbiased party to

an action who is in a position to observe the entire proceeding with an unjaundiced eye. He can observe the prospective jurors and witnesses, their testimony, demeanor and behavior, as well as the attitudes and crosscurrents of the community in determining whether any actual or supposed prejudice exists—such as would necessitate a change of venue or continuance. For this reason rulings on such motions are left to the sound discretion of the trial judge. * * *." State v. Schmid, 107 Ariz. 191, 193, 484 P.2d 187, 189 (1971).

## DOES THE EVIDENCE SUPPORT THE VERDICT?

Defendant contends that the law and the weight of the evidence did not support the verdict and that the trial court also erred in failing to grant defendant Buggs' motion for directed verdict.

It is the law of this State that facts adduced on appeal will be taken in a light most favorable to sustain the verdict. State v. Dutton, 106 Ariz. 463, 478 P.2d 87 (1970); State v. Davis, 104 Ariz. 142, 449 P.2d 607 (1969).

We have read the evidence. The service station attendant testified that it was the defendant who drew him away from the cash box on the pretext of looking at some automobile tires. A police officer testified as to defendant's presence in the fleeing vehicle. The evidence is ample from which the jury could find (under § 13–140 A.R.S.) that the defendant was a principal to the crime of robbery. From a reading of the testimony we are convinced that the verdict and judgment are justified.

Judgment affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.