545 P.2d 49

**STATE of Arizona, Appellee,**

v.

**James Arthur MITCHELL, Appellant.**

No. 3154.

Supreme Court of Arizona,
In Banc.

Jan. 23, 1976.

Bruce E. Babbitt, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Jonathan Schwartz, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The appellant, James Arthur Mitchell, was found guilty by a jury of the charge of armed robbery, and was sentenced to a term of not less than 10 years nor more than 11 years in the Arizona State Prison. Notice of appeal was timely filed, and jurisdiction was accepted by this Court pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S. The factual details relevant to this case are reserved for discussion in conjunction with the judicial resolution of the two issues presented by appellant for our review—speedy trial and admission of evidence of other acts.

## SPEEDY TRIAL

The date of appellant's arraignment was May 16, 1974, at which time appellant entered a plea of not guilty and was ordered to remain in custody of the county sheriff. A trial date was set for July 2, 1974, and an omnibus hearing was scheduled for June 14, 1974. On June 14th, the trial court ordered that a hearing on all motions be set for June 26, 1974. This latter hearing on all motions was vacated on June 26th at the insistence of counsel for appellant for the reason that a plea bargain offer had been made to appellant by the prosecutor. On the day of the proposed trial, July 2, 1974, the court ordered that the matter be reset for trial for July 10, 1974, with a notation that the last day for

trial would be July 15, 1974. The record reflects disagreement as to whether or not the prosecutor was informed by this date, July 2, 1974, of appellant's decision not to accept the plea offer. Nonetheless, on July 10th the matter was again reset for trial by court order for August 1, 1974. At the August 1st trial date, appellant submitted a motion for continuance pursuant to Rule 8.5, Rules of Criminal Procedure, 17 A.R.S. This motion was granted and the matter was once more reset for trial for August 14, 1974. On or about August 1, 1974, appellant also filed a motion to dismiss the criminal charge on the grounds that more than 60 days had elapsed since his arraignment. It was not until August 14th, the day the jury was impaneled, that the motion to dismiss was denied. The next day, and by a different judge, the motion was denied again.

Based upon the foregoing facts, appellant argues that the delay in bringing appellant to trial more than 60 days after his arraignment on the charge violated Rule 8.2(b) of the Arizona Rules of Criminal Procedure, 17 A.R.S. and that appellant's conviction should be reversed and the cause remanded for an order of dismissal. Appellant concedes, however, that once the excluded period caused by appellant's August 1st motion for continuance is deducted, a period of 76 days elapsed from the date of arraignment to the date of trial. Rule 8.6 provides for the sanctions for violation of the speedy trial time limits. 17 A.R.S. Rules of Criminal Procedure, Rule 8.6. Where, as in the instant case, the defendant is in custody and is not brought to trial within 60 days, the defendant is entitled "to be released on his own recognizance without delay, and the time limit prescribed by Rule 8.2(c) shall apply." 17 A.R.S. Rules of Criminal Procedure, Rule 8.6(a). Under such circumstances, it is only upon a violation of Rule 8.2(c) that the prosecution may be dismissed, either with or without prejudice. 17 A.R.S. Rules of Criminal Procedure, Rule 8.6(b); *State ex rel. Berger v. Superior Court*, 111

Ariz. 335, 529 P.2d 686 (1974). Since the appellant was brought to trial within the prescribed 90-day period of Rule 8.2(c), appellant's motions to dismiss alleging lack of jurisdiction on the basis of Rule 8.2 were properly denied by the trial court.

## ADMISSION OF OTHER ACTS

Immediately before trial, appellant moved to exclude testimony concerning an alleged armed robbery of a Circle K market in Tempe on the ground that, since the appellant was not charged with the Tempe robbery and there was no competent evidence that appellant committed the act, the presentation of testimony and evidence surrounding it would unduly prejudice the appellant. The prosecution argued that the introduction of the events surrounding the Tempe robbery was necessary for identification purposes and to complete the picture of the crime for the jury by showing that a witness at the Tempe robbery noted the license plate of the robbery vehicle which subsequently led the police to the address of appellant's mother. In response, the appellant indicated that he was willing to stipulate to the fact that the appellant "came in contact with the police originally at his home where they were involved with questioning someone else and pulled up in another car and was arrested on a traffic violation." The trial court denied appellant's motion *in limine* and held that all evidence of the "continuing sequence" was admissible. Before resolving this issue, we note that the Scottsdale and Tempe robberies occurred in a time span of approximately one hour, ammunition as well as money was asked for in each, and each was perpetrated by two black males, one of whom was attired in a hooded sweat shirt and an Afro wig. In contrast to the Scottsdale robbery, however, no positive identification of the appellant could be made by the victim or witness of the Tempe robbery.

Evidence of other crimes which the defendant may have committed is prejudicial and usually inadmissible. *State v.*

*Tostado,* 111 Ariz. 98, 523 P.2d 795 (1974). However, where the evidence of criminal acts tends to show motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or the identity of the person charged with the commission of the crime on trial, such evidence then becomes both relevant and admissible. In *State v. Francis,* 91 Ariz. 219, 222, 371 P.2d 97, 99 (1962), we said that ". . . where the identity of the defendant is the question in issue, any fact which tends to establish the identity has probative value and if offered for that purpose it is receivable." The quantum of proof needed to establish that the accused on trial committed the separate offense sought to be introduced is that of "substantial evidence sufficient to take the case to a jury." *State v. Hughes,* 102 Ariz. 118, 123, 426 P.2d 386, 391 (1967).

In the instant case, the record shows that shortly after the police had arrived at the home of appellant's mother in the follow-up of the license plate identification investigation, appellant appeared on the scene in another vehicle. Pursuant to a valid consent search of appellant's vehicle, a blue, hooded sweater, an Afro wig, and a .22 caliber pistol were discovered. These facts, in combination with the testimony of the victim and witness of the Tempe robbery regarding the perpetrator's description, disguise, use of a revolver, and request for ammunition, are sufficient evidence under the *Hughes* standard to establish that the Tempe robbery had been committed and that the appellant committed it. We conclude that the evidence introduced at trial concerning the Tempe robbery was properly admitted for the purpose of identification. *Greve v. State,* 36 Ariz. 325, 285 P. 274 (1930); *State v. Chance,* 92 Ariz. 351, 377 P.2d 197 (1963).

The judgment is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.