558 P.2d 723

STATE of Arizona, Appellee,

v.

Solon STRICKLAND, Jr., Appellant.

No. 1 CA–CR 1662.

Court of Appeals of Arizona,
Division 1,
Department A.

Nov. 9, 1976.
Rehearing Denied Dec. 9, 1976.
Petition for Review Denied Jan. 11, 1977.

Bruce E. Babbitt, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., and Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

NELSON, Judge.

After a trial by jury, appellant was convicted of armed robbery and sentenced to not less than five nor more than eight years in the Arizona State Prison. On appeal, he raises two issues. First, whether the trial court improperly granted the State a continuance which resulted in a violation of appellant's right to a speedy trial. Second, whether the trial court improperly denied appellant the right to represent himself.

### TRIAL CONTINUANCE

As to the first issue, appellant was arraigned on June 30, 1975. After three continuances, trial was set for September 26, 1975. On the day of trial, the prosecutor filed a motion to continue the trial on the basis that two police officers were unavailable to testify. The prosecutor claimed that the police officers were unavailable because they were on vacation. Appellant objected to the continuance on the grounds that the simple allegation that the police officers were on vacation did not constitute a showing that "extraordinary circumstances" existed nor that the delay was "indispensable to the interest of justice". See Rule 8.5(b), Rules of Criminal Procedure, 17 A.R.S. (1973). The trial court disagreed with appellant's contention and granted the continuance without hearing argument from the State or establishing any other facts. Appellant was eventually tried on October 22, 1975.

Although we think the trial court erred in granting the continuance, we feel that appellant is not entitled to have his conviction reversed on this ground. Regarding the continuance itself, in *State v. Corrales*, 26 Ariz.App. 344, 548 P.2d 437 (1976), Division 2 of this Court held that a prosecutor's vacation is not an extraordinary circumstance. The court reasoned that it is the prosecutor's duty to see that his trials are not scheduled during his vacation or to make arrangements for someone else to take the case. In this case, it appears that the police officers attended hearings which were conducted two and three days prior to the date set for trial, and that the trial was reset from September 23 to September 26 at the request of the State. It further appears that only one of the police officers was necessary for the State's case. We feel that the police officers, like prosecutors, are representatives of the State and should be required to make some adjustments in their schedule so as to be available for trial. While under other circumstances, a continuance may be justified because of a police officer's vacation schedule, the State

must show better reasons than a bare allegation of a "vacation conflict" in order to justify a continuance. Under these facts and the fact that the motion to continue was not filed until the morning of the trial, we feel that the trial court should not have granted the continuance. However, we do not think that the trial court's error in this regard justifies a reversal of appellant's conviction.

Preliminarily, our Supreme Court has held that unless the trial is delayed beyond the speedy trial limits contained in Rule 8.2, an improper continuance is not grounds for reversal. In *State v. Barnett,* 112 Ariz. 210, 540 P.2d 682 (1975), our Supreme Court stated:

> "The detailed requirements of Rule 8.5 are in sharp contrast to the discretionary nature of its predecessor, Rules 241 to 249, and were designed to prevent infringement of an accused's right to a speedy trial by improper use of a continuance as 'excluded period' under Rule 8.4(d). By failing to include a sanction in 8.5 for violation of the Rule the drafters apparently intended that the sanctions contained in Rule 8.6 for violation of the speedy trial time limits would apply. This is a reasonable assumption as unless a defendant's trial was delayed beyond the speedy trial period contained in Rule 8.2 by an 'excluded' continuance, he has no grounds to allege prejudice resulting from the action." 112 Ariz. at 212, 540 P.2d at 684.

■ Appellant was arraigned on June 30. He was eventually tried on October 22. Appellant concedes that 29 days of this period is a properly excluded period under the provisions of Rule 8.4. Excluding this 29 days, appellant was tried 85 days after his arraignment. Because appellant was in custody during this period, the 60 day period provided by Rule 8.2(b) (1973) was violat-

ed.[1] However, the remedy for a violation of this subsection is not dismissal, but the release of appellant on his own recognizance. It is only upon a violation of Rule 8.2(c) that the prosecution may be dismissed. A virtually identical fact situation was presented in *State v. Mitchell,* 112 Ariz. 592, 545 P.2d 49 (1976). In *Mitchell,* our Supreme Court held that where Rule 8.2(b) was violated, but the trial was held within the time limits prescribed by Rule 8.2(c), the action should not be dismissed. The Court stated that:

> "Under such circumstances, it is *only* upon a violation of Rule 8.2(c) that the prosecution may be dismissed, either with or without prejudice. (Citations omitted.) Since the appellant was brought to trial within the prescribed 90-day period of Rule 8.2(c), appellant's motions to dismiss alleging lack of jurisdiction on the basis of Rule 8.2 were properly denied by the trial court." 112 Ariz. at 593–594, 545 P.2d at 50–51. (Emphasis added)

■ Although the appellant does not vigorously argue that he was denied his federal constitutional right to a speedy trial, we feel that no federal constitutional violation is present in this case. Four factors are generally involved in the determination of whether a defendant's federal constitutional right to a speedy trial is violated, namely, the length of the delay, the reason for the delay, defendant's assertion of the right to speedy trial, and the prejudice to the defendant. One factor standing alone is neither a necessary nor sufficient condition to warrant a finding that a defendant has been deprived of his rights to a speedy trial. Rather, they are related factors and must be considered together, with such other circumstances as may be relevant. *Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). In this case, there is no showing that defendant was prejudiced by

---

1. The 1975 Rules provide for a 90 day time period for defendants in custody. Rule 8.2(b), Rules of Criminal Procedure 17 A.R.S. (as amended 1975). However, because this case was commenced prior to midnight of July 31, 1975, we assume that the 60 day time period is applicable. (See order amending the 1973 Ariz. Rules, dated May 7, 1975.) Because the State does not argue that the 1975 Rules are applicable, we make this assumption arguendo and do not rule on the question of whether the 1975 Rules would be applicable in another case.

the delay. Further, we do not think that the delay of 85 days between the arraignment and the trial is an inherently unreasonable period. Although appellant objected to the continuance and the reason for the continuance was insufficient under the Arizona Rules, we cannot say that these factors *constitute sufficient grounds for a* reversal of the conviction on federal constitutional grounds.

## SELF–REPRESENTATION

Appellant's second contention on appeal is that the trial court denied appellant his constitutional right to represent himself. Just before the State rested, appellant requested a new attorney or "the proper material so I could study and handle my own defense".

The trial court informed appellant that it doubted the wisdom of appellant's request and inquired into appellant's reasons for desiring to discharge his counsel. Appellant apparently objected to his counsel's lack of objection to pictures taken by a hidden camera at the scene of the robbery and to his counsel's failure to raise an entrapment defense. Based upon our review of the record, both of these criticisms of appellant's counsel are without merit.

After discussing the matter with appellant, the trial court requested appellant to "tell me again precisely what it is you want me to do." Appellant responded: "Give me a court appointed lawyer or give me the proper material for me to study so I can defend myself." The trial court then denied appellant's motion.

■■ We recognize that an accused has a constitutional right to represent himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, after the trial has begun, a defendant's right to discharge his lawyer and represent himself is a qualified right. The defendant's legitimate interest in representing himself must then be balanced against the disruption of the proceeding that would be caused by the discharge of his counsel in mid-trial. A contrary rule would give a litigant a protected right to disrupt the proceedings and unreasonably interfere with the administration of justice. In reviewing the record on appeal, considerable weight must be given to the trial court's assessment of this balance.

Numerous other courts, while recognizing a defendant's constitutional right to represent himself, have similarly qualified this right once trial has begun. *U. S. ex rel. Maldonado v. Denno,* 348 F.2d 12 (2d Cir. 1965); *United States v. Ellenbogen,* 365 F.2d 982 (2d Cir. 1966); *Lamoureux v. Commonwealth of Massachusetts,* 412 F.2d 710 (1st Cir. 1969); *State v. Bullock,* 71 Wash.2d 886, 431 P.2d 195 (1967); *People v. Bright,* 78 Ill.App.2d 2, 223 N.E.2d 215 (1966); *People v. Armstrong,* 28 Mich.App. 387, 184 N.W.2d 531 (1970).

Although these cases were decided prior to *Faretta,* each one recognized the constitutional rights of a defendant to represent himself which was the basis of the *Faretta* opinion. There is nothing in *Faretta* to indicate that the limitation on the right of self-representation imposed by these cases is now invalid.

■ As to the facts of this case, it appears that appellant was requesting either a new attorney (which would have required a continuance) or a continuance so that he could research the law in order to defend himself. Although it would have been better procedure for the trial court to clearly establish that appellant desired time to study the law in order to represent himself, a fair reading of the record establishes that a disruption in the trial proceedings would have occurred if appellant had been permitted to discharge his counsel and represent himself in this instance. In view of the stage of the trial, appellant's reasons for requesting the change and the disruption that would have occurred if appellant's request had been granted, the trial court was justified in denying the request.

The judgment and sentence are affirmed.

DONOFRIO, P. J., and OGG, J., concur.