586 P.2d 190

**STATE of Arizona, Appellee,**

v.

**James Franklin FERGUSON, Appellant.**

No. 3958.

Supreme Court of Arizona,
En Banc.

Oct. 19, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

HAYS, Justice.

On February 22, 1977, the Maricopa County Grand Jury returned an indictment against James Franklin Ferguson, appellant herein, charging him with four counts of armed robbery under A.R.S. § 13–641, § 13–642 and § 13–643(B). Ferguson's wife was also indicted for four counts of armed robbery, and for two violations of A.R.S. § 13–391, assisting in the escape of a felony prisoner, a high misdemeanor.

Ferguson was convicted of three counts of armed robbery, and found not guilty on one count. He was sentenced to not less than 15 years nor more than life on each count, to run concurrently. Notice of appeal was timely filed, and this court has jurisdiction pursuant to A.R.S. § 13–1711.

On appeal Ferguson contends that the trial court erred in denying the following motions:

1. motion to dismiss the indictment due to a violation of his right to a speedy trial pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 8;
2. motion to sever appellant's trial from that of his wife;
3. motion for a live lineup to test the ability of two of the state's witnesses to identify him; and
4. motion for a post-indictment preliminary examination.

We uphold the action of the trial court in denying the motions.

The facts necessary to resolve this case on appeal are as follows. Ferguson had been indicted for murder and armed robbery, and on February 11, 1977, he was brought to court for a hearing on those charges. At the conclusion of that hearing Ferguson and another prisoner were handcuffed together to be escorted by a police officer from the courthouse back to jail. As they were leaving the courthouse, Ferguson's wife slipped him a gun which he then pointed at the officer. While the other prisoner took the officer's gun, Ferguson told his wife to get the keys. With the prisoners continuing to hold the guns on the officer, Ferguson's wife unhandcuffed them.

Shortly thereafter, two attorneys appeared heading towards a car in the parking lot where these events were occurring. The other prisoner pointed his gun at them, and ordered them to throw their keys and money onto the roof of the car. Subsequently, Ferguson, his wife, and the other prisoner got into the car and drove away.

## SPEEDY TRIAL

Ferguson assigns as error the denial of his motion to dismiss. Under the Rules of Criminal Procedure, rule 8.2(b), the

last day for trial was May 26, 1977, ninety days after arraignment. On May 26, 1977, the jury was impaneled but then immediately dismissed until June 9, 1977, fourteen days later. Ferguson claims that this 14-day delay violated his right to a speedy trial secured by the Rules of Criminal Procedure, rule 8. He further alleges that the impaneling of the jury on the "last day" was a mere subterfuge, satisfying the letter but not the spirit of Rule 8.

The purpose of Rule 8 is to insure that a criminal defendant is not forgotten while the orderly administration of justice swirls around him on all sides but leaving him untouched. In a real sense, however, the impaneling of the jury denotes the commencement of the trial. It appears, according to the transcript and minute entries, that the delay in starting the trial occurred because the prosecutor, Stan Munger, was trying another case before Judge Goodfarb. The State argued that the case was too complicated for another deputy county attorney to try on short notice. After hearing argument from counsel, the court ruled that the actual taking of evidence would not commence until June 9. Nevertheless, 14 days approaches the outer limits of permissible delay. Delay much longer than this would compel us to find a violation of Rule 8.

In *State v. Ceja,* 113 Ariz. 39, 43, 546 P.2d 6, 10 (1976), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977), we held that a 5-day delay after selection of the jury did not subvert the purpose of Rule 8. *Cf. State v. Wallen,* 114 Ariz. 355, 359, 560 P.2d 1262, 1266 (App.1977). In the instant case, the defendant has not asserted any prejudice resulting from the delay, and after searching the record, we fail to find any. We concur with the ruling of the trial court.

## SEVERANCE

Ferguson contends that the failure to sever his trial from that of his wife prejudiced him because the jury thereby learned of the fact that he was charged with armed robbery at the time of the incidents alleged in the indictment. To sustain the conviction for the crime, of assisting in the escape of a prisoner, the State had to prove that the prisoner, here Ferguson, was in custody on a felony charge. A.R.S. § 13–391. Evidence of Ferguson's other crimes would thus be admitted as a necessary element of proof of the charges against his wife.

There is no severance as a matter of right where defendants are joined. *See* 17 A.R.S. Rules of Criminal Procedure, rule 13.4(b). Traditionally the granting or denying of a motion to sever has been a matter in the trial court's discretion. *State v. Salerno,* 104 Ariz. 601, 603, 457 P.2d 278, 280 (1969). Under Rule 13.4, the trial court must grant a severance only when the defendant can clearly show that severance is necessary for a fair trial. *State v. McGill,* 119 Ariz. 329, 331, 580 P.2d 1183, 1185 (1978).

Generally, evidence of prior bad acts is inadmissible to prove guilt of another crime. *State v. Mitchell,* 112 Ariz. 592, 594, 545 P.2d 49, 51 (1976). Exceptions exist, however, for impeachment purposes, *State v. Domme,* 111 Ariz. 464, 465, 532 P.2d 526, 527 (1975); Arizona Rules of Evidence, rule 609, or when the evidence of criminal acts tends to show motive, intent, the absence of mistake or accident, a common scheme or plan, or the identity of the person who committed the crime charged in the present trial. *State v. Mitchell, supra.* In the case at bar, Ferguson committed the robberies to obtain money and a vehicle to complete his escape from custody while charged with the crimes of murder and armed robbery. The exigencies of escape constituted the motive for the robberies.

Furthermore, knowledge of the complete story of the crime would assist the triers of fact in reaching their conclusion, and is admissible even if it reveals other crimes. *State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977). Ferguson's escape, the charges from which he sought to escape, and the crimes committed after his escape are sufficiently interrelated and interdependent so that a jury could not have fully understood the circumstances surrounding the charges

without such evidence. Therefore, denial of the motion to sever was proper. *State v. Myers, supra.*

### LINEUP

Ferguson contends that the trial court's refusal to permit a live lineup denied him the equal protection of the laws in violation of the fourteenth amendment to the Constitution of the United States. Rules of Criminal Procedure, rule 15.2(a)(1), requires a criminal defendant to appear in a lineup upon written request of the prosecutor at any time after an indictment or information has been filed. There is no comparable right for criminal defendants. This court is aware of no case holding that equal protection is denied when a state possesses a power not possessed by an individual. Indeed, Ferguson's equal protection argument appears to be merely a due process argument clothed in new garb. Those courts which have considered that argument have uniformly decided that there is no constitutional right to contest a witness's identification by a lineup. *E. g., United States v. McGhee,* 488 F.2d 781, 786 (5th Cir.), *cert. denied,* 417 U.S. 971, 94 S.Ct. 3176, 41 L.Ed.2d 1142, *cert. denied sub nom. Bunner v. United States,* 417 U.S. 949, 94 S.Ct. 3077, 41 L.Ed.2d 670 (1974); *United States v. King,* 149 U.S.App.D.C. 61, 461 F.2d 152 (1972); *United States v. Kennedy,* 450 F.2d 1089 (9th Cir. 1971), *cert. denied,* 406 U.S. 924, 92 S.Ct. 1793, 32 L.Ed.2d 125 (1972); *United States v. Ravich,* 421 F.2d 1196 (2nd Cir. 1970), *cert. denied,* 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970); *State v. Aita,* 114 Ariz. 470, 561 P.2d 242 (App. 1976). We are not persuaded to the contrary. A request for a lineup is properly left to the sound discretion of the trial court, and absent an abuse of discretion the trial court's ruling will not be disturbed on appeal. *United States v. Ravich, supra; State v. Aita, supra.*

The law is primarily concerned that the identification be reliable. *State v. Myers, supra.* The instant case presented no problems of identification since Ferguson was positively identified by more than one eyewitness and had an opportunity to cross-examine the witnesses. Only one witness did not testify at trial but the jury found Ferguson not guilty of robbing that particular victim-witness. Further, Ferguson admitted identification when he testified. We thus find that Ferguson was in no way prejudiced by the absence of a live lineup, and therefore we hold that the trial court did not abuse its discretion.

### POST–INDICTMENT PRELIMINARY EXAMINATION

Ferguson argues that denial of his motion for a post-indictment preliminary examination denied him due process and equal protection of the laws in violation of the fifth and fourteenth amendments to the United States Constitution and section 2, article 4 * of the Arizona Constitution. We considered and rejected a similar argument in *State v. Bojorquez,* 111 Ariz. 549, 553–54, 535 P.2d 6, 10–11 (1975).

In *Bojorquez* we stated that the purpose of a preliminary examination is not to grant the defendant an opportunity for discovery but to determine probable cause to hold the defendant. 111 Ariz. at 553, 535 P.2d at 10. Furthermore, we held that either indictment by grand jury or information after preliminary hearing is a constitutionally proper method of bringing an accused to trial. *Id.* Neither the record nor defendant's brief reveals any good reason why we should overrule our holding in *Bojorquez.* We find no prejudice to the defendant from the denial of his motion.

Judgments of conviction and sentences affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.

---

* The defendant obviously means article 2, section 4.