NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FRANCISCO MATOS IZQUERDO, *Appellant.*

No. 1 CA-CR 15-0777
FILED 10-27-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-424604-001
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael Valenzuela
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge John C. Gemmill[1] joined.

C A T T A N I, Judge:

¶1　　　　Francisco Matos Izquerdo ("Matos") appeals his convictions and sentences for possession of narcotic drugs for sale, possession of dangerous drugs for sale, and possession of drug paraphernalia. For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2　　　　In May 2013, police officers responded to a report of a man with a gun, later identified as D.W. When the officers located D.W., he told them that he wanted to "burn bridges" with his drug dealer, a man he knew as "Cuba" and who was later identified as Matos. D.W. called Matos on his cell phone, and, with the officers listening in, arranged to purchase heroin and methamphetamine at Matos's apartment.

¶3　　　　At the apartment, officers saw Matos—who had a tattoo reading "Cuba" visible across his stomach—walk out of the complex and toward D.W. As the officers approached him and identified themselves, Matos ran away, throwing bags containing what was later determined to be methamphetamine and heroin over a wall. The officers caught Matos, and he was arrested and charged with the drug offenses set forth above.

¶4　　　　Before trial, Matos sought to preclude evidence of D.W.'s statement to the officers that Matos had sold him drugs, arguing (as pertinent here) that the statement was improper propensity evidence, and thus inadmissible under Arizona Rule of Evidence 404(b). The court denied the motion, reasoning that D.W.'s statement was necessary to provide context for the initial phone call to Matos. The court sanitized the evidence, however, by limiting it to a statement that D.W. "wanted to turn in his drug dealer," with no further elaboration or specific reference to past drug deals

---

[1]　　　The Honorable John C. Gemmill, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

or Matos's reputation for selling drugs. The State complied with this restriction at trial, asking each officer only if D.W. stated "that he essentially wanted to burn bridges with an individual that sold him drugs?"

**¶5**        The jury found Matos guilty as charged. Matos timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4033.[2]

## DISCUSSION

**¶6**        Matos argues that the court erred by permitting evidence of D.W.'s statement that Matos had sold him drugs. Matos contends that this statement was impermissible under Rule 404(b) because the State failed to prove the prior drug sale(s) had occurred and because the State offered the evidence to show actions on the occasion of the charged offenses in conformity with prior drug dealing. We review the superior court's ruling regarding other acts evidence for an abuse of discretion. *See State v. Villalobos*, 225 Ariz. 74, 80, ¶ 18 (2010).

**¶7**        Under Rule 404(b), evidence of other acts is not admissible "to prove the character of a person in order to show action in conformity therewith," but may be admissible if offered for a different purpose, including "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See also State v. Hargrave*, 225 Ariz. 1, 8, ¶ 10 (2010). The State must show by clear and convincing evidence that the defendant committed the other act; additionally, the act must be offered for and relevant to a proper purpose, the probative value of the other act must not be substantially outweighed by the danger of unfair prejudice, and the court must give an appropriate limiting instruction upon request. *See State v. Anthony*, 218 Ariz. 439, 444, ¶ 33 (2008).

**¶8**        Matos asserts that the State did not prove by clear and convincing evidence that he had previously sold drugs to D.W. Because Matos did not raise this objection before the superior court, we review only for fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005).

**¶9**        Clear and convincing evidence is that which shows a high probability that the contention is true, *State v. Roque*, 213 Ariz. 193, 215, ¶ 75 (2006), and this evidentiary burden may be satisfied by the testimony of a

---

[2]        Absent material revisions after the relevant date, we cite a statute's current version.

single witness. *See State v. Vega*, 228 Ariz. 24, 29 n.4, ¶ 19 (App. 2011). Here, after telling officers Matos was his drug dealer, D.W. called Matos, asked to buy heroin and methamphetamine, and arranged to meet, and Matos subsequently arrived with the requested drugs. Given these circumstances, the State offered an adequate basis to support D.W.'s statement.

**¶10**        Matos next argues that the State offered the other act evidence for an improper propensity purpose: to show that because Matos had sold D.W. drugs in the past, he was guilty of selling drugs on this occasion. But completing the story of the offense to avoid confusing the jury is a proper purpose for other act evidence. *See State v. Ferrero*, 229 Ariz. 239, 244, ¶ 23 (2012); *State v. Cook*, 150 Ariz. 470, 472 (1986); *State v. Ferguson*, 120 Ariz. 345, 347 (1978). Here, the State specified that it was offering the evidence to provide context for the investigation leading to D.W.'s phone call to Matos, and the court carefully limited the scope of the admissible evidence to only the statement providing background for why the call was made (D.W.'s desire to turn in someone who had sold him drugs). Moreover, Matos never suggested an alternative line of questioning that could serve the proper purpose without mentioning D.W.'s prior experience with Matos. Accordingly, because the evidence served a proper purpose, the superior court did not err on this basis.

**¶11**        Matos also argues that the probative value of D.W.'s statement that Matos had sold him drugs was outweighed by unfair prejudice. But "[e]vidence is unfairly prejudicial only when it has an undue tendency to suggest a decision on an improper basis such as emotion, sympathy, or horror." *State v. Connor*, 215 Ariz. 553, 564, ¶ 39 (App. 2007) (citation omitted); *see also* Ariz. R. Evid. 403. The superior court has broad discretion to assess the balance between the probative value and potential prejudice of other act evidence. *State v. Sparks*, 147 Ariz. 51, 56 (1985); *see also State v. Salamanca*, 233 Ariz. 292, 296, ¶ 17 (App. 2013).

**¶12**        Here, the court expressly weighed the probative value of the evidence against the potential for unfair prejudice and carefully tailored the admissible evidence to only the statement explaining how the investigation progressed to a call by D.W. to Matos (the proper purpose), and limited potential prejudice by prohibiting any further description of specific prior drug deals or Matos's reputation as a drug dealer.

**¶13**        Finally, in light of the fact that officers heard Matos arrange to sell drugs and saw him throw bags containing drugs over a wall as he attempted to flee, there is no indication that the brief mention of other act evidence led to an improper basis for the jury's decision. Accordingly, the

superior court did not abuse its discretion by allowing limited evidence of D.W.'s statement to officers that Matos had previously sold him drugs.

## CONCLUSION

¶14        The convictions and sentences are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA