NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JASON CHRISTOPHER ROGERS, *Appellant.*

No. 1 CA-CR 18-0506
FILED 8-1-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-112272-001
The Honorable John Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Law Office of Katia Mehu, Phoenix
By Katia Mehu
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**P E R K I N S**, Judge:

**¶1**          Jason Christopher Rogers appeals his convictions and sentences for burglary in the third degree and possession of burglary tools. He argues the trial court committed reversible error by improperly admitting evidence, denying jury instructions on lesser-included offenses, delaying sentencing past the deadlines of the Arizona Rules of Criminal Procedure, and denying his right to a fair trial through judicial bias. For the following reasons, we affirm his convictions and sentences.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**          We view the facts in the light most favorable to sustaining the verdicts. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013). A vending machine owner discovered that the door on one of his vending machines had been opened and that the money in the machine had been removed. Security camera footage of the incident depicted a man breaking into the machine using bolt cutters. Subsequent investigation led law enforcement to interview Rogers. Rogers stated that the man in the security camera footage looked like him. When asked whether he broke into the vending machine he responded that he "shouldn't have done that."

**¶3**          A jury convicted Rogers of burglary in the third degree and possession of burglary tools. He was sentenced to two concurrent sentences of imprisonment, the longest of which is seven years. Rogers now appeals.

### DISCUSSION

#### I.     Evidentiary Disputes

**¶4**          At trial, the State sought to admit the audio recording of a detective's interview of Rogers. The court overruled Rogers's objections to the recording and admitted it into evidence.

**¶5**          On appeal, Rogers contends the recording was inadmissible for several reasons. First, he claims the interviewing detective illegally

2

commented on Rogers's credibility and honesty. Second, he argues the detective's "impermissible vouching invoked the prestige of the court." Third, Rogers argues the admission of the detective's testimony and Rogers's police interview violated Arizona Rule of Evidence 403 because it was prejudicial and cumulative. Finally, Rogers argues the admission of the police interview violated his confrontation rights.

¶6  We review the admission of evidence for abuse of discretion. *State v. Chappell*, 225 Ariz. 229, 238, ¶ 28 (2010). If the court abuses its discretion in admitting evidence, and the defendant has preserved an objection, we will not reverse if the error is harmless. *State v. Sosnowicz*, 229 Ariz. 90, 98, ¶ 27 (App. 2012). An error is harmless "if the state in light of all of the evidence, can establish beyond a reasonable doubt, that the error did not contribute to or affect the verdict." *Id.* (internal quotation marks omitted).

### a. Comments on Credibility and Veracity

¶7  In addition to using bolt cutters to cut a lock on the vending machine, Rogers used a key to access the machine. During the interview, the detective asked Rogers where he obtained the key. He responded that he found the key inside the vending machine. The detective stated, "I don't think you found it there[.]" Rogers argues this statement was an inadmissible comment on his credibility and veracity.

¶8  Arizona law prohibits lay testimony regarding the veracity of another witness's statement. *State v. Boggs*, 218 Ariz. 325, 335, ¶ 39 (2008). The jury determines issues of veracity and credibility; "opinions about witness credibility are nothing more than advice to jurors on how to decide the case." *Id.* (internal quotation marks omitted).

¶9  A detective's accusation of untruthfulness is a permitted interrogation tactic. *See id.* at ¶ 41 ("[S]uch recorded statements by the police during an interrogation are a legitimate, even ordinary, interrogation technique, especially when a suspect's story shifts and changes.") (internal quotation marks omitted). The detective confirmed that his statement regarding Rogers's untruthfulness was made in the course of an investigation. His statement was not made to provide opinion testimony at trial. *See id* at ¶ 40. Upon request, Rogers could have received a jury instruction preventing the jury from using the statement to show he was lying. *Id.* at ¶ 42. Indeed, the court offered such a jury instruction, but Rogers declined it. Thus, the court did not err in admitting the recording.

### b. Vouching and Invoking the Prestige of the Court

¶10 During the interview, the detective stated, "I'm not going to try to trick you . . . I'm being honest with you[.]" Rogers argues these statements constituted impermissible vouching. This is not vouching. *See State v. Newell*, 212 Ariz. 389, 402, ¶ 62 (2006) (there are two types of vouching, placing the prestige of the government behind evidence and suggesting information not before the court supports the evidence). Further, the admission of these statements was not an abuse of discretion. When cross-examining the detective, Rogers raised the issue of the voluntariness of his statements to the detective. The detective's statements during the interview were relevant to a determination of whether Rogers's statements were voluntary, an issue for the jury to decide. Additionally, the statements provided the necessary context for Rogers's responses. *See Boggs*, 218 Ariz. at 334, ¶ 35 (finding detective's statements to be admissible to demonstrate the context of the interrogation).

¶11 When interviewing Rogers, the detective also stated that, "[y]ou're sorry, that's going to go a long way when you go to court [because] you're showing remorse." The detective confirmed his statement at trial. Rogers argues that the detective's statement constituted an improper invocation of the prestige of the court. Rogers cites no legal authority to support his argument nor does he explain how the inclusion of this statement prejudiced him. The court did not err in admitting the detective's testimony and the interview recording over Rogers's vouching and "prestige of the court" objections.

### c. Prejudicial and Cumulative Evidence

¶12 Rogers also argues that the detective's testimony—combined with the admission of the recorded interview—was prejudicial and cumulative. Prejudicial evidence is admissible so long as it is not unfairly prejudicial. Ariz. R. Evid. 403. Moreover, even highly prejudicial evidence is admissible so long as the danger of unfair prejudice does not outweigh its probative value. *Shotwell v. Donahoe*, 207 Ariz. 287, 296, ¶ 34 (2004). Here, the detective's testimony and the recording were highly probative as, taken together, they included Rogers's confession and the context of Rogers's interrogation.

¶13 The court may, in its discretion, exclude relevant evidence if the value of that evidence is substantially outweighed by its cumulative nature. Ariz. R. Evid. 403. Evidence is cumulative if it merely "augments or tends to establish a point already proved by other evidence." *State v.*

*Kennedy*, 122 Ariz. 22, 26 (App. 1979). After reviewing the recording and testimony, the recording contains evidence that the detective did not testify to, such as Rogers's confession to committing the offense. The recording of the interview and the detective's testimony did not simply re-establish a point proved by one or the other; they contained different and complementary information that was not cumulative. Thus, the court did not err in admitting the testimony and interrogation under Arizona Rule of Evidence 403.

### d. Confrontation Rights

**¶14** Finally, Rogers argues the court violated his constitutional right to confrontation because it denied him the opportunity to challenge the credibility of the detective. The premise of his argument is incorrect. Rogers had and took the opportunity to cross-examine the interviewing detective.

## II. Lesser-Included Offense Instructions

**¶15** At trial, Rogers requested the court instruct the jurors that they could find him guilty of criminal damage or theft. The court denied his request, ruling that criminal damage and theft are not lesser-included offenses of the charged crimes. On appeal, Rogers argues that these offenses were necessarily-included and the court was required to provide the requested jury instructions. We review a court's denial of requested jury instructions for abuse of discretion. *State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006).

**¶16** A defendant is entitled to jury instructions for lesser-included offenses when the charged offense includes lesser offenses and the evidence supports the instruction. *Id.* at ¶ 14. "An offense is lesser-included when the greater offense cannot be committed without necessarily committing the lesser offense." *Id.* (internal quotation marks omitted). "A defendant is not entitled to an instruction on an uncharged offense that does not qualify as a lesser-included offense, even if he might have been charged and convicted of the offense." *State v. Gonzalez*, 221 Ariz. 82, 84, ¶ 8 (App. 2009).

**¶17** Criminal damage and theft are not lesser-included offenses of the charged crimes. Both burglary in the third degree and possession of burglary tools can be committed without necessarily committing criminal damage or theft. *Compare* A.R.S. §§ 13-1506, -1505 *with* §§ 13-1602, -1802. Neither criminal damage nor theft share any elements with possession of burglary tools. *Compare* A.R.S. § 13-1505 *with* §§ 13-1602, -1802. Further, criminal damage does not share any elements with burglary in the third degree. *Compare* A.R.S. § 13-1506 *with* § 13-1602. And our courts have

specifically held that theft is not a lesser-included offense of burglary. *State v. Arnold*, 115 Ariz. 421, 422 (1977) (finding theft is not a lesser-included offense of burglary). Though Rogers might have been convicted of theft or criminal damage if charged, the State did not charge him with those offenses. Therefore, the court did not abuse its discretion by denying Rogers's requested lesser-included jury instructions.

### III.    Sentencing Delay

**¶18**        Rogers was not present when the jury announced the guilty verdicts on April 11, 2018. The court issued a warrant for his arrest and postponed scheduling a sentencing hearing until Rogers was either arrested or appeared on his own accord. On May 7, 2018, Rogers appeared and the court scheduled a sentencing hearing for July 6, 2018, exactly 60 days from Rogers's re-appearance. Rogers did not object to the July 6 sentencing date. On June 28, the State moved to either accelerate or continue the hearing, citing a witness's pre-scheduled vacation, and Rogers objected. Rogers's counsel was unable to attend the proposed accelerated dates, so the court—over Rogers's objection—reset the sentencing hearing to July 13, 2018. On appeal, Rogers argues this delayed sentencing violated the Arizona Rules of Criminal Procedure. We review a trial court's decision regarding a continuance of sentencing for abuse of discretion. *State v. Schackart*, 190 Ariz. 238, 331 (1997).

**¶19**        Generally, a court must sentence a defendant between fifteen and thirty days after the determination of guilt. Ariz. R. Crim. P. 26.3(a)(1)(B). The court may continue sentencing beyond thirty days, provided good cause is shown. Ariz. R. Crim. P. 26.3(b). The new sentencing date should be no later than 60 days after the determination of guilt. *Id.*

**¶20**        The time limts in Rule 26.3 are not jurisdictional. *State v. Smith*, 112 Ariz. 208, 209 (1975). Even so, delays in sentencing are discouraged. Ariz. R. Crim. P. 26.3 (sentencing "should" be conducted not later than 60 days, even in cases of good cause for delay or a defendant's request for a pre-sentence hearing). Rogers was sentenced on July 13, 7 days after the date he had originally agreed to and 67 days after the May 7 scheduling. The court granted the State's request to continue the hearing based on a State employee's unavailability due to his vacation plans. Arizona courts have previously held that, absent more, a State officer's vacation time is not sufficient to continue a trial. *State v. Strickland*, 27 Ariz. App. 695, 696–97 (1976). Similarly, the State's assertion that its witness, a

State employee, was unavailable because of a vacation was not "good cause" under these circumstances.

¶21            Nevertheless, Rogers has not demonstrated any prejudice. Rogers absconded on the last day of trial and delayed scheduling his sentencing until May 7, almost a month after the verdict. Rogers then agreed to schedule sentencing 60 days after May 7. Other than the fact of the delay, Rogers does not explain how he was prejudiced. Here, the additional 7 day delay, from July 6 to July 13, did not prejudice Rogers. Thus, there was no reversible error. *See State v. Young*, 112 Ariz. 361, 363 (1975) (no error in continuing sentencing when the defendant shows no prejudice).

## IV.    Judicial Bias

¶22            After the court initially ruled the interview recording was admissible, Rogers requested—outside the jury's presence—that the court reconsider its decision. The court affirmed its decision and asked if Rogers's counsel wished to supplement the record. His counsel responded, "[o]ther than the law, no." The court stated, "[w]ell, you know, it would be a shame if Mr. Rogers had to finish this with a new lawyer," and "[i]f I treated you with the same disrespect that you are treating me, you would be very offended." His counsel expressed her confusion regarding the court's comments and said, ". . . I don't have anything further to say." The court stated, "[w]ell a passive aggressive tactic is not going to improve your chances on appeal." The court subsequently apologized for any possible overreaction.

¶23            Rogers cites the court's statements, contending the court denied him a fair trial. He further argues the court's denial of his motions "evince animus towards the defense."

¶24            We generally presume a trial court to be "free of bias and prejudice." *State v. Cropper*, 205 Ariz. 181, 185, ¶ 22 (2003) (internal quotation marks omitted). To overcome this strong presumption, the defendant must establish that the court had "a hostile feeling or spirit of ill-will, or undue friendship or favoritism, towards one of the litigants." *Id.* (internal quotation marks omitted). A trial court's rulings alone are insufficient to prove bias unless "deep-seated favoritism or antagonism" negated the possibility of fair judgment. *State v. Ellison*, 213 Ariz. 116, 129, ¶ 38 (2006). Further, a judicial bias claim based on judicial hostility towards an attorney, as opposed to a party, is insufficient. *State v. Curry*, 187 Ariz. 623, 631 (App. 1996).

¶25        Here, the court did not deny Rogers a fair trial. Although the court rebuked his counsel, it did so outside the presense of the jury, and further explained that it was not preventing counsel from advocating for Rogers. The court also ruled favorably for Rogers on multiple occasions, indicating the court did not have any hostile feeling or deep-seated antagonism towards him. Because any evidence of arguable hostility was directed only at Rogers's counsel, his claim of judicial bias fails.

¶26        In addition, Rogers does not explain how the court's comments prejudiced him. The comments were made outside the presence of the jury. While he argues that the court's comments caused him to absent himself from subsequent trial proceedings, the record does not support Rogers's assertion. Rogers continued to be present for some proceedings following the court's comments. Nothing in the record suggests Rogers failed to be present for the pronouncement of the verdict because of the court's comments. We find no error.

**CONCLUSION**

¶27        We affirm Rogers's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA